# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ED (ITE) CHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-00385-RGA |
| | ) | |
| RICARDO SAGRERA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT RICARDO SAGRERA'S
## REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS

| | |
|---|---|
| OF COUNSEL: | CONNOLLY GALLAGHER LLP |
| | Ryan P. Newell (#4744) |
| David Bolton, Esq. | The Brandywine Building |
| David Bolton, P.C. | 1000 West Street, Suite 1400 |
| 666 Old Country Road | Wilmington, Delaware 19801 |
| Suite 509 | (302) 757-7300 |
| Garden City, NY 11530 | rnewell@connollygallagher.com |
| (516) 222-0600 | |
| dbolton@dboltonpc.com | *Attorneys for Defendant Ricardo Sagrera* |

Dated: November 4, 2016

**TABLE OF CONTENTS**

**Page**

ARGUMENT ..........................................................................................................................1

    I.    DISMISSAL OR TRANSFER BASED ON THE FORUM SELECTION CLAUSE ..................................................................................................................1

        A.    Plaintiff's Claims Should Be Decided In The Contractually Specified Venue ...............................................................................................................1

        B.    Sagrera Never Disputed New York's Jurisdiction To Decide The Plaintiff's Claims ....................................................................................................1

        C.    Sagrera Consents To The Jurisdiction Of The Courts In New York To Hear And Determine Plaintiff's Claims .....................................................2

    II.    IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION IN DELAWARE ............................................................................................................2

        A.    Improper Service .................................................................................................3

        B.    Lack Of Personal Jurisdiction ..............................................................................3

        C.    The Director Consent Statute Is Not Applicable .........................................3

    III.    THE COURT LACKS SUBJECT MATTER JURISDICTION ...........................4

        A.    Plaintiff Claims That Defendant Lowenstein Sandler Accessed A Delaware Computer To File An Allegedly Unauthorized Document. This Allegation Does Not Give Rise To A Claim Under The CFAA. If Considered Further, The Court Should Decline To Exercise Supplemental Jurisdiction ..........................................................................4

        B.    There Is No Diversity Jurisdiction ................................................................7

    IV.    IF CONSIDERED FURTHER, THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) ...................................................8

        A.    The Alleged Breach Of Fiduciary Duty Claim .........................................8

        B.    Fraud ...................................................................................................................9

        C.    Tortious Interference ............................................................................................10

CONCLUSION ..................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*ACE & Co., Inc. v. Balfour Beatty PLC*,
  148 F. Supp. 2d 418 (D. Del. 2001) ................................................................................ 3

*Brooks v. AM Resorts, LLC*,
  954 F. Supp. 2d 331 (E.D. Pa. 2013) ............................................................................... 6

*Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.*,
  70 N.Y.2d 382 (1987) ...................................................................................................... 9

*Guth v. Loft, Inc.*,
  5 A.2d 503 (Del. 1939) .................................................................................................... 9

*Hazout v. Ting*,
  134 A.3d 274 (Del. 2016) ................................................................................................ 4

*HB General Corp. v. Manchester Partners, L.P.*,
  95 F.3d 1185 (3rd Cir. 1996) ........................................................................................... 7

*In re Tower Air*,
  416 F.3d 229 (3d Cir. 2005) ............................................................................................ 9

*Olsen v. Haddad, M.D.*,
  187 A.D.2d 375 (1st Dep't 1992) .................................................................................... 1

*Pascal Pour Elle, Ltd. v. Jin*,
  75 F.Supp.3d 782 (N.D. Ill, Eastern Div. 2014) ............................................................. 6

*P.C. Yonkers v. Celebrations The Party And Seasonal Superstore, LLC*,
  428 F.3d 504 (3d Cir. 2005) ............................................................................................ 5

*Pinkert v. Olivieri, P.A.*,
  2001 WL 641737 (D. Del. 2001) .................................................................................... 9

*Reach & Associates, P.C. v. Dencer*,
  269 F. Supp. 2d 497 (D. Del. 2003) ................................................................................ 3

*RSM US LLP v. Bober*,
  16 C 4297 (N. D. Ill, Eastern Div., 2016) ....................................................................... 5

*Sealord Holdings, Inc. v. Radler*,
  2012 WL 707075 (E.D. Pa. March 6, 2012) ................................................................... 6

*Washington v. Hovensa LLC*,
  *652 F.3d 340* (3rd Cir. 2011) .................................................................................................. 8

**STATUTES**

18 U.S.C. § 1030 ............................................................................................................................. 5

**RULES**

New York Civil Practice Law And Rules § 308(2) ....................................................................... 1

Fed. R Civ. P. 4(e) ......................................................................................................................... 3

Fed. R Civ. P. 12(b)(6) ................................................................................................................... 9

**OTHER AUTHORITIES**

Hawaii's Department of Human Services,
  http://humanservices.hawai.gov/bessd/ebt/ ................................................................................ 8

**ARGUMENT**

I. **DISMISSAL OR TRANSFER BASED ON THE FORUM SELECTION CLAUSE**

A. **Plaintiff's Claims Should Be Decided In The Contractually Specified Venue**

Plaintiff's opposition is tied to the merits of his claim that the Stockholders' Agreement was forged. Plaintiff, however, cannot avoid enforcement of a forum selection clause by claiming that his signature is not genuine. Indeed, to allow such a defense would be to force Sagrera to litigate the substantive claim in the context of a procedural challenge. Further, plaintiff does not deny that he executed other documents (the MOU and the Contribution Agreement) both of which provide for the application of New York law and one of which (the MOU) provides for resolution of disputes in New York.

B. **Sagrera Never Disputed New York's Jurisdiction To Decide The Plaintiff's Claims**

Plaintiff's claim that Sagrera waived jurisdiction in New York is legally and factually incorrect. As the Court can see from the excerpt plaintiff submitted, Sagrera never disputed the jurisdiction of the New York courts to decide plaintiff's claims. Sagrera objected only to the manner of service because the envelope used to mail the summons and complaint to him did not contain a statutorily required legend indicating that the contents were "personal and confidential."[1] This failure rendered service of process ineffective under New York law and, thus, was "jurisdictional" in nature. *See* New York Civil Practice Law And Rules § 308(2) (requiring additional mailing which contains the legend "personal and confidential"). *See also Olsen v. Haddad, M.D.*, 187 A.D.2d 375 (1st Dep't 1992), holding that omission of the legend "personal and confidential" deprives the court of jurisdiction. Contesting jurisdiction based on

---

[1] A copy of Sagrera's Notice of Motion filed in the New York action is attached to the accompanying Reply Declaration of David Bolton as Exhibit A. As the Court will see, Sagrera moved to dismiss the New York action based on lack of proper service and for failure to state a cause of action. Sagrera never contested the right of the courts located in the State of New York to adjudicate the underlying dispute.

improper service of process is not the same as objecting to jurisdiction to hear the underlying claim.

Moreover, the court apparently disagreed with Sagrera's argument about service of process and dismissed the action as against him (and a co-defendant) "based on plaintiff's failure to state a claim in his Complaint as against those defendants." A copy of this decision was attached as Exhibit B to D.I. 16 (the moving declaration of David Bolton dated September 10, 2016). This decision also demonstrates that plaintiff is incorrect when he argues that "the New York jurisdiction determined that it had no jurisdiction over Sagrera over any action brought by Chen, as argued by Sagrera in that action and his lawyer." D.I. 25 at pp. 4-5.

C. **Sagrera Consents To The Jurisdiction Of The Courts In New York To Hear And Determine Plaintiff's Claims**

Subject to, and without waiving, all defenses and objections to the plaintiff's claims, defendant Sagrera hereby confirms for the Court that he does not dispute the exercise of jurisdiction over him by the appropriate state and/or federal court(s) in New York with respect to the plaintiff's claims which are asserted in this action.

II. **IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION IN DELAWARE**

Plaintiff does not claim that Sagrera is subject to general jurisdiction in Delaware nor has he alleged facts which would permit the conclusion that Sagrera is subject to long arm jurisdiction. Instead, he relies entirely on Delaware's director consent statute to establish personal jurisdiction and proper service of process.[2] As shown on this motion, that statute is not applicable. Accordingly, service has not been effected on Sagrera and, because Sagrera is not subject to personal jurisdiction in Delaware, this action should be dismissed without leave to re-

---

[2] Plaintiff did not personally serve Sagrera. He served Corporation Service Corp., the registered agent for Viceroy Chemical, Inc. ("ViceChem"). See D.I. 18.

2

serve.

**A.     Improper Service**

The summons and complaint for Sagrera were served on Corporation Service Company ("CSC"). D.I. 18. Plaintiff does not claim that Sagrera ever appointed CSC to accept service of process. Accordingly, unless the Court determines that CSC was authorized "by law" to receive process, service was not effective and this action should be dismissed. *See* Rule 4(e) of the Federal Rules of Civil Procedure. As shown below, the director consent statute is not applicable and, thus, CSC was not appointed as Sagrera's agent.

**B.     Lack Of Personal Jurisdiction**

It is the plaintiff's burden to allege facts which make out a *prima facie* showing of personal jurisdiction over defendant Sagrera. *See ACE & Co., Inc. v. Balfour Beatty PLC*, 148 F. Supp. 2d 418, 422 (D. Del. 2001). The complaint in this matter is bereft of any factual allegations which would be sufficient to support the exercise of jurisdiction over Sagrera.

Moreover, Sagrera demonstrated in his moving papers, and the plaintiff does not dispute, that Sagrera does not live or work in Delaware, that he does not own any property in Delaware, and that he does not do business in Delaware. Accordingly, Sagrera is not subject to general jurisdiction. *See, e.g., Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003) (holding that "general jurisdiction arises when the defendant has continuous and systematic contacts with the state…."). Sagrera also demonstrated, and the plaintiff does not dispute, that jurisdiction does not exist under Delaware's long arm statute.

**C.     The Director Consent Statute Is Not Applicable**

In response to this motion the plaintiff lays bare his argument as to why the director consent statute applies, asserting that Sagrera is subject to jurisdiction because he "diluted Chen by 90% in his role as director of viceroy chemical." D.I. 25 at p. 5. As shown below plaintiff's

3

claim is a private claim sounding in breach of contract (the Memorandum of Understanding) – not a claim against Sagrera based on acts he took as an officer or director of ViceChem.

Plaintiff does not claim that the conduct was wrongful or constituted a breach of fiduciary duty to ViceChem or its shareholders (such a claim would, of course, be derivative in nature and would be barred by the business judgment rule in any event).  Instead, the plaintiff alleges that he (but not any other shareholder of ViceChem) was contractually protected from dilution by the terms of the Memorandum of Understanding.  *See* D.I. 25 at p. 6 (Stating that "[i]n the MOU only Chen has the right to approve of purchase by additional shareholders" and that "despite these protests, the directors, Sagrera, and Godfroy proceeded to dilute Chen by 90% and violate is right to approve new shareholders, namely preston").  A copy of the MOU is attached to the complaint in this action as Exhibit 3.  *See* D.I. 1.

Now that plaintiff has stated his argument, it is beyond peradventure that the director consent statute does not apply because plaintiff is asserting a private claim for breach of contract, which claim is not within the purview of the statute.  *See Hazout v. Ting*, 134 A.3d 274 (Del. 2016).

If the Court determines that the statute is applicable to the claim relating to dilution, it should dismiss the remaining claims asserted against Sagrera because they are not "sufficiently related" to that claim.  *Hazout v. Ting*, 134 A.3d 274, 292 at n.63 (Del. 2016).

### III.     THE COURT LACKS SUBJECT MATTER JURISDICTION

**A.      Plaintiff Claims That Defendant Lowenstein Sandler Accessed A Delaware Computer To File An Allegedly Unauthorized Document.  This Allegation Does Not Give Rise To A Claim Under The CFAA.  If Considered Further, The Court Should Decline To Exercise Supplemental Jurisdiction**

Plaintiff does not dispute that his claim, articulated in the complaint, is that defendants used their computers to make allegedly unauthorized changes to documents.  Sagrera

demonstrated in his opening brief that this allegation is insufficient to support subject matter jurisdiction because the Computer Fraud and Abuse Act (18 U.S.C. § 1030) does not regulate the use of computers, it regulates unauthorized access to computers. Sagrera also argued that a person who uses his or her own computer does so with authorization and that plaintiff was unable to offer any factual support for his claim that any "protected computer" was accessed.

In response, plaintiff abandons his claim that defendants' use of their own computers is actionable under the CFAA and articulates an entirely different claim; that defendant Lowenstein Sandler accessed "Delaware government computers" to file an allegedly unauthorized document. D.I. 25 at p. 8 ("Delaware requires the signer of their official documents to either be the signature or the at the least have authorization in order to access and alter the corporate data in their database"); and at p. 9 ("By Statute, and case law, a government computer is inherently a protected computer").

This argument is to no avail because Lowenstein Sandler indisputably was authorized to access the "Delaware computers." What the plaintiff is claiming is that defendant Lowenstein Sandler used its authorized access to file an unauthorized document. But that does not constitute a violation of the CFAA. *P.C. Yonkers v. Celebrations The Party And Seasonal Superstore, LLC,* 428 F.3d 504, 510-512 (3d Cir. 2005) (CFAA is a criminal statute which penalizes unauthorized access, *i.e.*, "hacking," into computers).

Even if plaintiff had alleged unauthorized access to a protected computer (which he has not done) he still has not stated a claim under the CFAA because he has not alleged damage or loss within the meaning of the statute.

All of the expenses plaintiff alleges to have incurred relate to his investigation of the facts asserted in his complaint – not to any loss or damage arising from alleged unauthorized access to

a computer. The law is well-settled that the cost to investigate potential claims does not constitute loss or damage under the CFAA. *See, e.g., Brooks v. AM Resorts, LLC*, 954 F. Supp. 2d 331, 338 (E.D. Pa. 2013), holding that "litigation costs are not a compensable loss under the Computer Fraud and Abuse Act (CFAA) because they are not related to investigating or remedying damage to the computer." *See also Sealord Holdings, Inc. v. Radler*, 2012 WL 707075, at * 5 (E.D. Pa. March 6, 2012), in which the court stated that "district court decisions in our Circuit…have held that the investigating or remedying damage must be related to the damage to the computer or due to interruption of the computer's service."

Plaintiff argues that he has alleged damage or loss because "[w]hile Chen does not allege damage to his computer, he does allege damage to the integrity of his computer system, namely his gmail system. Furthermore, Chen alleges damage to the integrity of his data on the Delaware Computer system…." D.I. 25 at p. 10.

Neither argument supports a claim or loss of damage. First, plaintiff does not allege to own or control the "gmail system." To the contrary, "gmail" refers to Google mail. The plaintiff does not allege that he owns any computers which are used to operate Google mail. Second, plaintiff does not own any "data on the Delaware Computer system." Accordingly, "his" data could not have been harmed.

The cases plaintiff cites do not support an argument that "loss" or "damage" includes the cost of investigating the types of claims which are asserted in this action. To the contrary, *Pascal Pour Elle, Ltd. v. Jin*, 75 F.Supp.3d 782 (N.D. Ill, Eastern Div. 2014), involved an actual intrusion into the plaintiff's computer which is not even alleged to have occurred here. In *RSM US LLP v. Bober*, 16 C 4297 (Northern Dist. Illinois, Eastern Division August 25, 2016), the court recognized a divergence of authority on the issue, but ultimately concluded that "loss"

included the cost for a party to "examin[e] its computer systems." Plaintiff does not claim to have incurred any cost to examine any computer systems. This is not surprising because the plaintiff does not claim that he owned any computer system which was "hacked."

Finally, if the Court determines that subject matter jurisdiction exists with respect to the claim against Lowenstein Sandler, it is respectfully submitted that the Court should decline to exercise supplemental jurisdiction over the claims asserted against Sagrera because the claim against Lowenstein Sandler and the claims against Sagrera do not "share significant factual elements." *HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1198 (3rd Cir. 1996). Indeed, the plaintiff has included several claims against Sagrera (breach of contract and tortious interference) which have nothing to do with the CFAA claim against Lowenstein Sandler.

B. **There Is No Diversity Jurisdiction**

Plaintiff admits that he withdrew his prior action against the defendants because diversity jurisdiction was lacking (plaintiff and defendant Lowenstein Sandler admittedly both were domiciled in New Jersey at the time that action was commenced). Plaintiff allegedly has changed his domicile from New Jersey to Hawaii. Contrary to plaintiff's belief, it is not so easy a task to change domicile; especially where, as here, the alleged change appears to be intended to create subject matter jurisdiction. As shown below, the plaintiff has not carried his burden of proving a change in domicile.

In his moving papers, Sagrera demonstrated that plaintiff's allegations regarding his his domicile are entirely conclusory and are contradicted by factual allegations he made in prior lawsuits. The plaintiff has not cured this defect in his opposition papers. To the contrary, he has made it even clearer that he is not domiciled in Hawaii. Indeed, the only evidence plaintiff offers

7

regarding his alleged domicile in Hawaii is that he has an "EBT" card.[3] *See* D.I. 21 at ¶ 13. However, the fact that plaintiff has an EBT card is irrelevant because the plaintiff has not demonstrated (nor even asserted) that only a "domiciliary" in Hawaii can obtain an EBT card.

Plaintiff then claims that "additional information including voter registration, may be provided upon request." *Id*.  The plaintiff cannot aver that documents exist which would allegedly support his claim of domicile in Hawaii but at the same time withhold those documents.  *See Washington v. Hovensa LLC, 652 F.3d 340, 345* (3rd Cir. 2011), holding that a party which alleges a change in domicile bears both the burden of production and the burden of proof.  The plaintiff has failed both of his burdens.  Accordingly, this action should be dismissed for lack of subject matter jurisdiction.

### IV.     IF CONSIDERED FURTHER, THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

#### A.     The Alleged Breach Of Fiduciary Duty Claim

Plaintiff's opposition (D.I. 25) makes it clear that his claim sounding in breach of fiduciary duty arises from the dilution of his ownership position in ViceChem allegedly in violation of the MOU.  Thus, plaintiff argues that "IN the MOU only Chen has the right to approve of purchase by additional shareholders.  However, in the board action of July 2013, Sagrera allowed John Preston, a non party to purchase shares, despite Chen['s] disapproval." *Id*. at p. 6.

Plaintiff also appears to allege that Sagrera breached his fiduciary duty by "committing fraud on Chen." D.I. 25 at p. 6.

---

[3]     According to the webpage of Hawaii's Department of Human Services, http://humanservices.hawai.gov/bessd/ebt/, visited October 26, 2016, "EBT" stands for "Electronic Benefit Transfer" and is used to process public financial assistance and Supplemental Nutrition Assistance Program payments.

Neither claim is sufficient to state a cause of action sounding in breach of fiduciary duty because neither claim is connected with the internal affairs or corporate governance issues. *See Guth v. Loft, Inc.*, 5 A.2d 503, 510 (Del. 1939).

If considered further, the claim of breach of fiduciary duty based on dilution should be dismissed because this claim, at most, sounds in breach of contract (the MOU). Plaintiff cannot convert a breach of contract claim into a tort simply by changing its label. *See, e.g., Pinkert v. Olivieri, P.A.*, 2001 WL 641737 (D. Del. 2001); *Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.*, 70 N.Y.2d 382 (1987).

Finally, if considered, the claim should be dismissed because it is barred by the business judgment rule. *See, e.g., In re Tower Air*, 416 F.3d 229 (3d Cir. 2005)("[a] complaint may be dismissed under Rule 12(b)(6) where an unanswered affirmative defense appears on its face….").

**B.** **Fraud**

Plaintiff declines to address the argument that he has failed to plead his claim with particularity, stating that he stands on the allegations made in the complaint. *See* D.I. 25 at p. 7. Because the complaint does not plead the claim of fraud with particularity, it should be dismissed.

If considered further, this cause of action should be dismissed for failure to state a claim.

Plaintiff argues that the "fraud" he alleges was committed was that "Sagrera and Lowenstein hacked into Chens Gmail account, used the account to send a electronically signed form, with altered data on a series of adobe pdf contract signature pages in February of 2013, and then later in May of 2014, presented that email to Chen as him having signed away his rights to his future inventions." D.I. 25 at p. 7.

9

While the articulation of the plaintiff's claim is difficult to understand, it is obvious that the plaintiff is not claiming "fraud" (*i.e.*, any false representation or a material fact, reliance and damage). Accordingly, this claim should be dismissed.

### C. Tortious Interference

Plaintiff's opposition simply asserts, without detail, that the facts alleged in the complaint are sufficient to state a claim. Sagrera demonstrated in his opening brief that this belief by the plaintiff is incorrect. Accordingly, this cause of action should be dismissed.

### CONCLUSION

For the foregoing reasons, it is respectfully requested that the Complaint be dismissed in its entirety.

| | |
|---|---|
| OF COUNSEL: | CONNOLLY GALLAGHER LLP |
| | |
| David Bolton | */s/ Ryan P. Newell* |
| David Bolton, P.C. | Ryan P. Newell (#4744) |
| 666 Old Country Road | The Brandywine Building |
| Suite 509 | 1000 West Street, Suite 1400 |
| Garden City, NY 11530 | Wilmington, Delaware  19801 |
| (516) 426-2666 | (302) 757-7300 |
| dbolton@boltonpc.com | rnewell@connollygallagher.com |
| | |
| Dated: November 4, 2016 | *Attorneys for Defendant Ricardo Sagrera* |